# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ABIN'BOLA NELLAMS,<br><br>                             Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, *et al.*,<br><br>                            Defendants. | CASE NO. C17-911 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Defendant Faron Fletcher's Motion to Appoint Counsel. Dkt. #38. Defendant submits a form motion to be used by Title VII Plaintiffs seeking court-appointed counsel. *Id*. (for example, the form discusses "your complaint" and previous claims submitted to the EEOC). Defendant submits a sealed financial affidavit. Dkt. #38.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954

ORDER DENYING DEFENDANT'S MOTION
TO APPOINT COUNSEL - 1

(9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Defendant has failed to set forth a legal basis for the appointment of counsel to represent him as a defendant to a Title VII action. Furthermore, the Court has reviewed Defendant's financial affidavit and concludes that he is capable of affording the limited legal counsel necessary to defend this action, especially given his ability to rely on existing and future motions filed by codefendants. Accordingly, the Court finds that Defendant Fletcher has not demonstrated the "exceptional circumstances" necessary to appoint counsel.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Faron Fletcher's Motion to Appoint Counsel (Dkt. #38) is DENIED.

DATED this 31st day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE