UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABIN'BOLA NELLAMS,

             Plaintiff,

   v.

PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, *et al.*,

             Defendants.

CASE NO. C17-911 RSM

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

    This matter comes before the Court on Defendant Total Terminals International, LLC ("TTI")'s Motion to Dismiss brought under Rules 12(b)(1) and 12(b)(6) (Dkt. #20) and Plaintiff Abin'Bola Nellams' Motion for Leave to File Second Amended Complaint (Dkt. #31).

    TTI moves for Rule 12(b)(1) dismissal arguing that Plaintiff Nellams must arbitrate his claims under a collective bargaining agreement, the Pacific Coast Longshore Contract Document ("PCLCD"). This agreement includes a provision stating that "[a]ll grievances and complaints alleging incidents of discrimination or harassment (including hostile work environment) in connection with any action subject to the terms of this Agreement based on race, creed, color, sex (including gender, pregnancy, sexual orientation), age (forty or over), national origin, or religious

ORDER DENYING MOTION TO DISMISS AND
GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT - 1

or political beliefs, or alleging retaliation of any kind for filing or supporting a complaint of such discrimination or harassment, shall be processed solely under the Special Grievance/Arbitration Procedures…" Dkt. #21-1 at 80. TTI argues this is a waiver of access to the federal court system that applies here where Mr. Nellams asserts claims against TTI for racial discrimination, harassment and retaliation based upon his race. *See* Dkts. #20 and #7 (First Amended Complaint).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of subject matter jurisdiction and is appropriately applied where a collective bargaining agreement provides for mandatory arbitration of the claims alleged. *See Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 280 F.3d 901, 903 (9th Cir. 2002) (affirming dismissal pursuant to Rule 12(b)(1) because dispute was within the scope of a collective bargaining agreement). Parties to a collective bargaining agreement can waive the judicial forum as an avenue for bringing federal and state anti-discrimination claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256, 129 S. Ct. 1456, 1464, 173 L. Ed. 2d 398 (2009); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123, 121 S. Ct. 1302, 1313, 149 L. Ed. 2d 234 (2001). However, it is "required… that an agreement to arbitrate statutory antidiscrimination claims be 'explicitly stated' in the collective-bargaining agreement." *14 Penn Plaza LLC*, 556 U.S. at 258 (citing *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80, 119 S. Ct. 391, 142 L. Ed. 2d 361 (1998)). In *Wright*, the Supreme Court found the waiver at issue was not "clear and unmistakable." 525 U.S. at 80. The waiver in *Wright* discussed "matters affecting wages, hours, and other terms and conditions of employment," but failed to mention specific laws protecting against discrimination. Id. at 73. In *14 Penn Plaza LLC*, the waiver at issue was found to be clear and unmistakable. 556 U.S. at 260. That waiver explicitly mentioned "claims made pursuant to Title VII of the Civil Rights Act," and listed other such anti-discrimination statutes by name. *Id*. at 252.

Here, the Court finds that the waiver at issue is not sufficiently "clear and unmistakable" so as to waive Mr. Nellams' statutory right to a federal judicial forum for his federal employment discrimination claims. The collective bargaining agreement in this case indicates only that "grievances and complaints alleging incidents of discrimination or harassment… based on race..." are subject to arbitration, not that claims brought in federal court would be subject to arbitration. By failing to cite to Title VII and similar federal laws, the waiver in this case is more like the waiver in *Wright* than the waiver in *14 Penn Plaza LLC*. Accordingly, this waiver cannot form the basis of a Rule 12(b)(1) motion to dismiss and that portion of TTI's Motion will be denied.

TTI also moves the Court to dismiss the Amended Complaint under Rule 12(b)(6) for failing to allege sufficient facts with regard to TTI's actions or inactions, as opposed to the actions or inactions of other Defendants. Dkt. #20 at 8–11.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

The Court generally agrees with TTI that the First Amended Complaint lacks necessary information to meet the standards set forth in *Twombly* and *Iqbal*. However, Mr. Nellams has subsequently filed a Motion for leave to amend his complaint to address this problem. *See* Dkt. #31. Typically, if this Court grants leave to amend a complaint, a pending motion to dismiss based solely on the inadequacy of pleadings under Rule 12(b)(6) will be denied as moot.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court has reviewed Mr. Nellams' Motion for Leave to Amend and the Responses from Defendants. Defendants Pacific Maritime Association and SSA Marine, Inc. do not oppose the Motion. Dkt. #35. TTI argues that the proposed amendment would be futile because, "[b]ased upon the allegations in the proposed [Second Amended Complaint], Mr. Fletcher was not TTI's employee and Mr. Fletcher's conduct cannot be imputed to TTI under the cases cited by Plaintiff, "and because "Plaintiff's [Second Amended Complaint] is centered almost

exclusively on alleged discrimination, harassment or retaliation Plaintiff claims he experienced while employed by SSA – not TTI." Dkt. #36 at 2. TTI argues that "the lone paragraph regarding the single period Plaintiff claims to have been employed by TTI still does not state a claim against TTI." *Id*. This "lone paragraph" cited by TTI states:

> 5.29  May 23, 2016, Plaintiff Nellams was working for TTI. At the beginning of Plaintiff Nellams' shift his co-worker, Brian Woods, pulled him over and told him that Supervisor Faron Fletcher "is saying 'bad things' about him" and that Plaintiff Nellams was "suing" and "speaking about prior grievances that are supposed to be confidential." Plaintiff Nellams and Ron Thomas reported these actions by Faron Fletcher to Foreman Steve Onion. Foreman Steve Onion ordered Plaintiff Nellams and Mr. Thomas to go back to work or they would be fired.

Dkt. #31-1 at 9.

This paragraph appears to allege that Mr. Nellams reported inappropriate conduct of Defendant Fletcher to a supervisor, and that this conduct was related to prior claims of race-based harassment. This apparently occurred while "working for TTI," and that supervisor, who presumably works for TTI, told Mr. Nellams "to go back to work or… be fired." Elsewhere, the Second Amended Complaint alleges that "the harasser (Mr. Fletcher) was Plaintiff Nellams' supervisor on TTI worksites – SSA, PMA and TTI 'authorized, knew, or should have known of the harassment and ... failed to take reasonably prompt and adequate corrective action' to address the harassment against Plaintiff Nellams. Mr. Fletcher's actions against Plaintiff Nellams are thus imputed to SSA, PMA and TTI under Vicarious Liability." *Id*. at 15. The Second Amended Complaint also adds the language "supervised by TTI" to several facts in the pleading, indicating an arrangement between TTI and SSA Marine, Inc. that could potentially expose TTI to liability. It is TTI's burden to show that amendment is not warranted. *See DCD Programs, Ltd., supra*. Taken together, and granting all inferences in favor of amendment, TTI has not met its burden to

ORDER DENYING MOTION TO DISMISS AND
GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT - 5

show futility because the facts as alleged present a facially plausible basis for Mr. Nellams claims to be brought against TTI. TTI does not argue bad faith, undue delay, prejudice, or that Mr. Nellams has amended his complaint too many times. Accordingly, the Court will grant Mr. Nellams' Motion and deny as moot TTI's Motion to Dismiss.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Defendant TTI's Motion to Dismiss (Dkt. #20) is DENIED.

(2) Plaintiff Nellams' Motion for Leave to File Second Amended Complaint (Dkt. #31) is GRANTED. Plaintiff shall file the Proposed Second Amended Complaint, Dkt. #31-1, and serve it on Defendants **within fourteen (14) days of this Order.**

DATED this 27th day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE