UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABIN'BOLA NELLAMS,

    Plaintiff,

  v.

PACIFIC MARITIME ASSOCIATION, *et al.*,

    Defendants.

CASE NO. C17-911RSM

ORDER TO SHOW CAUSE

On August 16, 2018, Defendant Pacific Maritime Association filed a motion for summary judgment. Dkt. #77. In support, Defendant filed the Declaration of Aileen Pick and filed one exhibit to that declaration under seal. Dkts. #79 and #80. Defendant referenced the Protective Order previously filed in this matter. *See* Dkt. #66. Defendant did not file a motion to seal.

"There is a strong presumption of public access to the court's files." LCR 5(g). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). Indeed, the Protective Order entered in this case specifically provides that it "does not confer blanket protection on all disclosures or responses to discovery . . . and [] does not presumptively entitle parties to file confidential information under seal." Dkt. #66 at ¶ 1. Rather, the Protective Order requires that in filing confidential material:

ORDER – 1

the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Dkt. #66 at ¶ 4.3. Local Civil Rule 5(g) in turn provides that a document may be filed under seal only if permitted by law or "if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document." LCR 5(g)(2).

Nothing in the record indicates that Defendant complied with the requirements of Local Civil Rule 5(g) or the Court's Protective Order prior to filing the exhibit under seal. Accordingly, Defendant is ordered to show cause, **within five days of this Order**, why the Court should not unseal Exhibit L to the Declaration of Aileen Pick (Dkt. #80). Defendant's response shall not exceed five pages. If another party has an interest in maintaining the exhibit under seal, that party may likewise file a response, not to exceed five pages, within five days of this Order. No replies are permitted.

DATED this 20 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2