UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABIN'BOLA NELLAMS,

            Plaintiff,

      v.

PACIFIC MARITIME ASSOCIATION, *et al.*,

            Defendants.

CASE NO. C17-911RSM

ORDER RE: ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte* on the Court's August 20 Order to Show Cause. Dkt. #82. That Order followed Defendant Pacific Maritime Association's motion for summary judgment and its filing of Exhibit L to the Declaration of Aileen Pick (Dkt. #80) under seal. The document was filed under seal without a related motion to seal as required by Local Civil Rule 5(g)(2). Accordingly, the Court directed Defendant to show cause why the document should not be unsealed. Dkt. #82.

Defendant responded on the same day indicating that the materials had been marked "confidential" pursuant to the protective order entered in the matter (Dkt. #66) and that filing the document publicly would not be easy. Dkt. #83. Defendant did not indicate that it had complied with the requirements of Local Civil Rule 5(g)(3)(A) and did not include the information required by Local Civil Rule 5(g)(3)(B). *Id.*

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." LCR 5(g)(3).

For dispositive motions, a party seeking to maintain the secrecy of documents must meet the high threshold of showing that "compelling reasons" support secrecy. *Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). "[C]ourts have recognized the significant interest of non-party employees in keeping their employment files . . . secret." *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5923426, *2 (D. Nev. Nov. 1, 2013) (citing *Triquint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, *3, 5 (D. Ariz. Oct. 18, 2011)).

Exhibit L to the Declaration of Aileen Pick (Dkt. #80) details arbitration proceedings arising out of conduct occurring in a workplace setting. Defendant is correct that non-party employees involved in the arbitration proceedings may have a privacy interest in their employment files. However, Defendant does not establish that the non-party employees have an interest in these documents and more importantly does not explain why redaction of non-party employee names is not sufficient to likewise protect any privacy interest they may have in these records. The Court believes filing with redactions will best protect the public's interest in judicial

records while protecting the privacy of non-parties and does not find a compelling reason for maintaining the entirety of Exhibit L to the Declaration of Aileen Pick (Dkt. #80) under seal.

Accordingly, the Court hereby ORDERS:

1.      No later than seven (7) days from the date of this Order, Defendant shall file a redacted version of Exhibit L to the Declaration of Aileen Pick (Dkt. #80) that redacts the identifying information of non-parties (names, employee numbers, etc.).

2.      Exhibit L to the Declaration of Aileen Pick (Dkt. #80) shall REMAIN UNDER SEAL.

DATED this 31st day of August, 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3